FILED
J.N
MAY 1 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELAND SORENSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| ) | |
| ) | 08cv2853 |
| OFFICER JERRY JELINEK, OFFICER ) | JUDGE CASTILLO |
| JAMES CAMPBELL and the VILLAGE ) | MAG. JUDGE VALDEZ |
| OF WILLOW SPRINGS, ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT

NOW COMES plaintiff, LELAND SORENSON, by his counsel, ETTINGER, BESBEKOS & SCHROEDER, and complains against defendants, OFFICER JERRY JELINEK, OFFICER JAMES CAMPBELL and the VILLAGE OF WILLOW SPRINGS, as follows:

### Jurisdiction and Venue

1. This action is brought pursuant to 42 U.S.C. 1983 and state law, to redress serious injuries inflicted on the plaintiff by the defendants, when they detained him and beat him severely, causing multiple brain injuries. The plaintiff suffered subarachnoid hemorrhages, subdural hematomas, and a fracture to the frontal bones, which resulted in permant brain injuries such as the loss of memory, severe headaches, and the loss of taste and smell. The defendant's actions violated the plaintiff's rights under the Fourth and

Fourteenth Amendments to the United States Constitution, and committed state law torts.

2. This court has jurisdiction over the federal claims pursuant to 28 U.S.C. 1331, and has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367.

3. Venue is proper in this court under 28 U.S.C. 1391 (b), in that all parties reside in this judicial district and all the events giving rise to the claims asserted herein occurred within this district.

4. Defendant Village of Willow Springs is an Illinois municipal corporation. Plaintiff invokes the supplemental jurisdiction of this court to assert and indemnification claim against the Village under 745 ILCS 10/9-102. Plaintiff does not assert any federal claim against the city.

### Facts of the Beating

5. On August 6, 2007, the plaintiff was at Judy's Friendly Tap located in the Village of Willow Springs, Illinois.

6. At approximately 12:00 a.m., an unknown individual came into Judy's Tap and told the plaintiff that someone outside wanted to talk to him.

7. When the plaintiff walked outside he was struck in the head by the defendants with a heavy object. The plaintiff was knocked to the ground and was rendered unconscious.

8. The defendants, Willow Springs Police Officer Jerry Jelinek and Willow Springs Police Officer James Campbell, continued to beat the plaintiff with their batons while the plaintiff lay unconscious on the ground.

9. The defendants Office Jelinek and Officer Campbell were at all times acting under color of their authority and within the scope of their employment, as police officers of the Village of Willow Springs.

10. The defendants then unlawfully arrested the plaintiff on August 6, 2007.

11. The continued beating by both defendants of the plaintiff resulted in the plaintiff sustaining massive head and brain injuries.

### Count 1 – 42 U.S.C. 1983

### Excessive Force/ Unlawful Arrest – Officer Jerry Jelinek

12. Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

13. The conduct of defendant Officer Jerry Jelinek constituted excessive force and effected an unlawful arrest in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

14. The acts of defendant Officer Jerry Jelinek were committed under color of law within the scope of his employment with the Village of Willow Springs.

15. As a proximate result of the actions of the defendant Officer Jerry Jelinek, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earnings and will continue to suffer such damages in the future

### Count II – 42 U.S.C.. 1983

### Excessive Force/Unlawful Arrest –Officer James Campbell

16. Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

17. The conduct of defendant Officer James Campbell constituted excessive force and effected an unlawful arrest in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

18. The acts of the defendant Officer James Campbell were committed under color of law and within the scope of his employment with the Village of Willow Springs.

19. As a proximate result of the actions of the defendant Officer James Campbell, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earnings and will continue to suffer such damages in the future.

## Count III -- 42 U.S.C. 1983

### Failure to Protect -- Officer Jerry Jelinek

20. Plaintiff realleges paragraphs 1-11 and incorporates them by reference as if fully set forth herein.

21. At all time relevant, defendant Jerry Jelinek, as a Police Officer with the Village of Willow Springs, had a duty to protect plaintiff from violations of his constitutional rights by the other defendants.

22. The conduct of Officer Jerry Jelinek in failing to protect plaintiff from excessive force and unlawful arrest violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

23.  The acts of the defendant Officer Jerry Jelinek were committed under color of law and within the scope of his employment with the Village of Willow Springs.

24.  As a proximate result of the actions of the defendant Officer Jerry Jelinek, plaintiff suffered permant physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses, and lost earnings, and will continue to suffer such damages in the future.

### Count IV – 42 U.S.C. 1983

### Failure to Protect – James Campbell

25.  Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

26.  At all times relevant, defendant James Campbell, as an Officer with the Village of Willow Springs, had a duty to protect plaintiff from violations of his constitutional rights by the other defendants.

27.  The conduct of defendant Officer James Campbell in failing to protect plaintiff from excessive force and unlawful arrest violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

28.  The acts of the defendant Officer James Campbell were committed under the color of law and within the scope of his employment with the Village of Willow Springs.

29. As a proximate result of the actions of the defendant Officer James Campbell, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earning and will continue to suffer such damages in the future.

### Count V – State Law

### Assault/Battery – Jerry Jelinek

30. Plaintiff realleges paragraphs 1-11 and incorporates them by reference as if fully set forth herein.

31. The actions of the defendant Officer Jerry Jelinek constituted harmful physical contact with the plaintiff

32. The actions of Officer Jerry Jelinek were willful and wanton.

33. As a proximate result of the actions of the defendant Officer Jerry Jelinek, plaintiff suffered permant physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses, and lost earnings, and will continue to suffer such damages in the future.

### Out VI – State Law

### Assault/Battery – James Campbell

34. Plaintiff realleges paragraphs 1-11 and incorporates them by reference as if fully set forth herein.

35. The actions of the defendant Officer James Campbell constituted harmful physical contact with plaintiff.

36. The actions of Officer James Campbell were willful and wanton.

37. As a proximate result of the actions of the defendant Officer James Campbell, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earning and will continue to suffer such damages in the future.

### Count VII – State Law
### Respondent Superior – Willow Springs

38. Plaintiff realleges paragraphs 1-11, and incorporates them by reference as if fully set forth herein.

39. Defendants Officer Jerry Jelinek and James Campbell were acting as agents of Willow Springs and within the scope of their employment with Willow Springs at all relevant times.

40. The Village of Willow Springs is liable for the torts committed by its agents, defendants Officer Jerry Jelinek and Officer James Campbell, in the scope of their employment.

### Count VIII – 745 ILCS 10/9-102
### Indemnification

41. Plaintiff realleges paragraph 1-11, and incorporates them by reference as if fully set forth herein.

42. Defendants Officer Jerry Jelinek and Officer James Campbell were acting as agents of defendant the Village of Willow Springs and within the scope of their employment with Willow Springs at all relevant times. As such the Village of Willow Springs is required to provide indemnification for liability resulting from their tortious conduct.

WHEREFORE, plaintiff LELAND SORENSON, respectfully requests that this Court enter judgment in his favor and against the defendants, and award compensatory damages and attorney's fees against, OFFICER JERRY JELINEK, OFFICER JAMES CAMPBELL and THE VILLAGE OF WILLOW SPRINGS, and punitive damages against defendants, OFFICER JERRY JELINEK AND OFFICER JAMES CAMPBELL.

## JURY DEMAND

Plaintiff, LELAND SORENSON, hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38 (b) on all issues so triable.

Respectfully submitted,

*Cheryl Schroeder*
Cheryl Schroeder

Cheryl Schroeder
Ettinger, Besbekos & Schroeder
12413 S Harlem Ave, Suite 203
Paolso Heights, Illinois 60463
(708)923-0368