50745-RET

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of | | Case |
| LELAND SORENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **08 C 2853** |
| | ) | |
| OFFICER JERRY JELINEK, | ) | JUDGE CASTILLO |
| OFFICER JAMES CAMPBELL, and | ) | |
| THE VILLAGE OF WILLOW SPRINGS, | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants JERRY JELINEK, JAMES CAMPBEL AND THE VILLAGE OF WILLOW SPRINGS respond to the allegations of the Plaintiff's Complaint as follows:

## Jurisdiction and Venue

1.      This action is brought pursuant to 42 U.S.C. 1983 and state law, to redress serious injuries inflicted on the Plaintiff by the Defendants, when they detained him and beat him severely, causing multiple brain injuries.  The Plaintiff suffered subarachnoid hemorrhages, subdural hematomas, and a fracture to the frontal bones, which resulted in permanent brain injuries such as the loss of memory, severe headaches, and the loss of taste and smell.  The Defendant's actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and committed state law torts.

**ANSWER:   Defendants admit that the Plaintiff brings this action pursuant to 42 U.S.C. 1983 and state law, but denies the remaining allegations set forth in paragraph 1.**

2.      This court has jurisdiction over the federal claims pursuant to 28 U.S.C. 1331, and has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367.

**ANSWER:    Defendants admits the allegations in paragraph 2.**

3.      Venue is proper in this court under 28 U.S.C. 1391(b), in that all parties reside in this judicial district and all the events giving rise to the claims asserted herein occurred within this district.

**ANSWER:    The Defendants admit the allegations in paragraph 3.**

4.      Defendant Village of Willow Springs is an Illinois municipal corporation. Plaintiff invokes the supplemental jurisdiction of this court to assert and indemnification claim against the Village under 745 ILCS 10/9-102.  Plaintiff does not assert any federal claim against the city.

**ANSWER:    Defendants admit that Plaintiff asserts an indemnification claim against the Village under 745 ILCS 10/9-102, but denies Plaintiff's claim for indemnification is valid. Defendants admit the remaining allegations of paragraph 4.**

<u>Facts of the Beating</u>

5.      On August 6, 2007, the Plaintiff was at Judy's Friendly Tap located in the Village of Willow Springs, Illinois.

**ANSWER:    Defendants admit the allegations of paragraph 5.**

6.      At approximately 12:00 a.m., an unknown individual came into Judy's Tap and told the Plaintiff that someone outside wanted to talk to him.

**ANSWER:    Defendants deny knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations contained in paragraph 6, and therefore, demands strict proof thereof.**

2

7.    When the Plaintiff walked outside he was struck in the head by the defendants with a heavy object.  The Plaintiff was knocked to the ground and was rendered unconscious.

**ANSWER:    Defendants deny the allegations in paragraph 7.**

8.    The Defendants, Willow Springs Police Officer Jerry Jelinek and Willow Springs Police Officer James Campbell, continued to beat the Plaintiff with their batons while the plaintiff lay unconscious on the ground.

**ANSWER:    Defendants deny the allegations of paragraph 8.**

9.    The Defendants Officer Jelinek and Officer Campbell were at all times acting under color of their authority and within the scope of their employment, as police officers of the Village of Willow Springs.

**ANSWER:    Defendants admit that Officers Jelinek and Campbell were acting within the scope of their employment as police officers with the Village of Willow Springs when they arrested the Plaintiff, but deny the officers committed any wrongful act or omission.**

10.    The Defendants then unlawfully arrested the Plaintiff on August 6, 2007.

**ANSWER:    Defendants admit they arrested the Plaintiff on August 6, 2007, and deny that the arrest was unlawful.**

11.    The continued beating by both Defendants of the Plaintiff resulted in the Plaintiff sustaining massive head and brain injuries.

**ANSWER:    Defendants deny the allegations of paragraph 11.**

### Count I - 42 U.S.C. 1983

### Excessive Force/Unlawful Arrest -  Officer Jerry Jelinek

12.    Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

**ANSWER:   Defendants adopt and incorporate their responses to paragraphs 1-11 by reference as if fully set forth herein.**

13.     The conduct of Defendant Officer Jerry Jelinek constituted excessive force and effected an unlawful arrest in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:   Defendants deny the allegations of paragraph 13.**

14.     The acts of Defendant Officer Jerry Jelinek were committed under color of law within the scope of his employment with the Village of Willow Springs.

**ANSWER:   Defendants deny any wrongful act or omission on the part of Officer Jerry Jelinek as alleged in the Complaint, but admit Officer Jelinek was acting within the scope of his employment with the Village of Willow Springs when he arrested the Plaintiff.**

15.     As a proximate result of the actions of the Defendant Officer Jerry Jelinek, Plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earnings and will continue to suffer such damages in the future.

**ANSWER:   Defendants deny the allegations of paragraph 15.**

## Count II - 42 U.S.C. 1983

### Excessive Force/Unlawful Arrest - Officer James Campbell

16.     Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

**ANSWER:   Defendants adopt and incorporate their responses to paragraphs 1-11 by reference as if fully set forth herein.**

17.    The conduct of Defendant Officer James Campbell constituted excessive force and effected an unlawful arrest in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:    Defendants deny the allegations of paragraph 17.**

18.    The acts of the Defendant Officer James Campbell were committed under color of law and within the scope of his employment with the Village of Willow Springs.

**ANSWER:    Defendants deny any wrongful act or omission on the part of Officer James Campbell as alleged in the Complaint, but admit Officer Campbell was acting within the scope of his employment with the Village of Willow Springs when he arrested the Plaintiff.**

19.    As a proximate result of the actions of the Defendant Officer James Campbell, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earnings and will continue to suffer such damages in the future.

**ANSWER:    Defendant deny the allegations of paragraph 19.**

### Count III - 42 U.S.C. 1983

### Failure to Protect - Officer Jerry Jelinek

20.    Plaintiff realleges paragraphs 1-11 and incorporates them by reference as if fully set forth herein.

**ANSWER:    Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

21.    At all time relevant, Defendant Jerry Jelinek, as a Police Officer with the Village of Willow Springs, had a duty to protect Plaintiff from violations of his constitutional rights by the other Defendants.

**ANSWER:    Defendants admit all duties imposed by law, but deny that Plaintiff accurately sets forth those duties.**

22.    The conduct of Officer Jerry Jelinek in failing to protect Plaintiff from excessive force and unlawful arrest violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:    Defendants deny the allegations of paragraph 22.**

23.    The acts of the Defendant Officer Jerry Jelinek were committed under color of law and within the scope of his employment with the Village of Willow Springs.

**ANSWER:    Defendants deny any wrongful act or omission on the part of Officer Jerry Jelinek as alleged in the Complaint, but admit Officer Jelinek was acting within the scope of his employment with the Village of Willow Springs when he arrested the Plaintiff.**

24.    As a proximate result of the actions of the Defendant Officer Jerry Jelinek, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses, and lost earnings, and will continue to suffer each damages in the future.

**ANSWER:    Defendants deny the allegations of paragraph 24.**

<u>**Count IV - 42 U.S.C. 1983**</u>

<u>**Failure to Protect - James Campbell**</u>

25.    Plaintiff realleges paragraph 1-11 and incorporates them by reference as if fully set forth herein.

**ANSWER:    Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

26. At all times relevant, Defendant James Campbell, as an Officer with the Village of Willow Springs, had a duty to protect Plaintiff from violations of his constitutional rights by the other Defendants.

**ANSWER: Defendants admit all duties imposed by law, but deny that the allegations of paragraph 26 accurately set forth those duties, and deny violation of any duties imposed by law.**

27. The conduct of Defendant Officer James Campbell in failing to protect Plaintiff from excessive force and unlawful arrest violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER: Defendants deny the allegations of paragraph 27.**

28. The acts of the Defendant Officer James Campbell were committed under the color of law and within the scope of his employment with the Village of Willow Springs.

**ANSWER: Defendants deny any wrongful act or omission on the part of Officer James Campbell as alleged in the Complaint, but admit Officer Campbell was acting within the scope of his employment with the Village of Willow Springs when he arrested the Plaintiff.**

29. As a proximate result of the actions of the Defendant Officer James Campbell, Plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earning and will continue to suffer such damages in the future.

**ANSWER: Defendants deny the allegations of paragraph 29.**

### Count V - State Law

### Assault/Battery - Jerry Jelinek

30.    Plaintiff realleges paragraphs 1-11 and incorporates them by references as if fully set forth herein.

**ANSWER:    Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

31.    The actions of the Defendant Officer Jerry Jelinek constituted harmful physical contact with the Plaintiff.

**ANSWER:    Defendants deny the allegations of paragraph 31.**

32.    The actions of Officer Jerry Jelinek were willful and wanton.

**ANSWER:    Defendants deny the allegations of paragraph 32.**

33.    As a proximate result of the actions of the Defendant Officer Jerry Jelinek, plaintiff suffered, humiliation, disability, medical expenses, and lost earnings, and will continue to suffer such damages in the future.

**ANSWER:    Defendants deny the allegations of paragraph 33.**

## Count VI- State Law

## Assault/Battery - James Campbell

34.    Plaintiff realleges paragraphs 1-11 and incorporates them by reference as if fully set forth herein.

**ANSWER:    Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

35.    The actions of the Defendant Officer James Campbell constituted harmful physical contact with plaintiff.

**ANSWER:    Defendants deny the allegations of paragraph 35.**

36.    The actions of Officer James Campbell were willful and wanton.

**ANSWER:** **Defendants deny the allegations of paragraph 36.**

37. As a proximate result of the actions of the defendant Officer James Campbell, plaintiff suffered permanent physical and emotional injuries, pain and suffering, humiliation, disability, medical expenses and lost earning and will continue to suffer such damages in the future.

**ANSWER:** **Defendants deny the allegations in paragraph 37.**

**Count VII - State Law**

**Respondent Superior - Willow Springs**

38. Plaintiff realleges paragraphs 1-11, and incorporates them by reference as it fully set forth herein.

**ANSWER:** **Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

39. Defendants Officer Jerry Jelinek and James Campbell were acting as agents of Willow Springs and within the scope of their employment with Willow Springs at all relevant times.

**ANSWER:** **Defendants admit Officers Jelinek and Campbell were acting within the scope of their employment for Willow Springs when they arrested the Plaintiff, but Defendants deny any wrongful act or omission on the parts of Officers Jelinek and Campbell.**

40. The Village of Willow Springs is liable for the torts committed by its agents, Defendants Officer Jerry Jelinek and Officer James Campbell, in the scope of their employment.

**ANSWER:    Defendants deny that Officers Jelinek and Campbell committed any torts as alleged, and deny that any acts or omissions on the part of Officers Jelinek and Campbell created liability on the part of the Village of Willow Springs.**

<u>Count VIII - 745 ILCS 10/9-102</u>

<u>Indemnification</u>

41.    Plaintiff realleges paragraphs 1-11, and incorporates them by reference as if fully set forth herein.

**ANSWER:    Defendants adopt and incorporate their answers to paragraphs 1-11 by reference as if fully set forth herein.**

42.    Defendants Officer Jerry Jelinek and Officer James Campbell were acting as agents of Defendant the Village of Willow Springs and within the scope of their employment with Willow Springs at all relevant times.  As such the Village of Willow Springs is required to provide indemnification for liability resulting from their tortuous conduct.

**ANSWER:    Defendants admit Officers Jelinek and Campbell were acting within the scope of their employment as police officers for the Village of Willow Springs when they arrested the Plaintiff, but Defendants deny any tortious conduct on the part of Officers Jelinek and Campbell and deny that any acts or omissions on their part create any indemnification requirement for the Village of Willow Springs.**

WHEREFORE, Defendants pray this Court enter judgment in favor of the Defendants and against the Plaintiff, deny the Plaintiff any monetary recovery, and award costs to the Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Defendants, Jerry Jelinek and James Campbell, are immune from suit under the doctrine of qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The Defendants, Jerry Jelinek and James Campbell, are immune from the State-Law Claims raised against them pursuant to the Illinois Local Government and Governmental Employee Tort Immunity Act, as their actions were taken in the execution and/or enforcement of the laws of Illinois. *See,* 745 ILCS 10/2-202.

### THIRD AFFIRMATIVE DEFENSE

The Defendant, Village of Willow Springs, is immune from the State Law Claims pursuant to the Illinois Local Government and Governmental Employee Tort Immunity Act to the same extent that Jerry Jelinek and James Campbell are immune. *See,* 745 ILCS 10/2-109.

### FOURTH AFFIRMATIVE DEFENSE

As to the Defendant Officer Jerry Jelinek, Officer Jelinek acted in self-defense at the time Plaintiff was allegedly injured, and therefore cannot be held liable for the injuries alleged by Plaintiff.

Respectfully submitted,

/j/ Jason S. Callicoat
Jason S. Callicoat

Paul A. Rettberg
Jason S. Callicoat
QUERREY & HARROW, LTD.

175 W. Jackson Blvd.
Suite 1600
Chicago, Illinois 60604
312-540-7000
Attorneys for Defendants
Officer Jerry Jelinek, Officer James Campbell and the Village of Willow Springs

Document #: 1338261