IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELAND SORENSEN<br><br>　　　　PLAINTIFF,<br><br><br>OFFICER JERRY JELINEK, OFFICER<br>JAMES CAMPBELL and the VILLAGE<br>OF WILLOW SPRINGS,<br><br>　　　　DEFENDANTS | )<br>)<br>)<br>)<br>)　No.　08C 2853<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT INITIAL STATUS REPORT

Plaintiff, LELAND SORESEN, and Defendants OFFICER JERRY JELINEK, OFFICER JAMES CAMPBELL and the VILLAGE OF WILLOW SPRINGS, parties to this action hereby jointly submit the following Initial Status Report:

**Attorneys of Record:**

As of July 18, 2008, the following are the attorneys of record for this case:

> Plaintiff:
> Michael Ettinger & Cheryl Schroeder
> Ettinger, Besbekos & Schroeder
> 12413 S Harlem Ave., Suite 203
> Palos Heights, Illinois 60463
> (708) 923-0368
>
> Defendants Jerry Jelinek, James Campbell and
> Village of Willow Springs:
> Paul A. Rettberg
> Jason Callicoat
> Querrey & Harrow, Ltd
> 175 West Jackson Blvd., Suite 1600
> Chicago, Illinois 60604
> (312) 540-7000

1. *Statement of Jurisdiction:* This lawsuit is brought pursuant to 42 U.S.C. 1983.

    This Court has jurisdiction of the subject matter to this action under 28 U.S.C. 1331 and has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367.
    This Court has personal jurisdiction over the parties in this action pursuant to 28 U.S.C. 1391 (b). The activities over which Plaintiff complains and giving rise to this action took place in the State of Illinois; more particularly, each of the defendants' alleged acts of violating federal laws took place within the Northern District of Illinois. Further, each defendant resides within the State of Illinois; thus, this Court has personal jurisdiction over each served defendant.

2. *Nature of claims*: Plaintiff Leland Sorensen asserts defendants Officer Jerry Jelinek and James Campbell used excessive force against him that resulted in serious brain injuries and permanent damage.

3. *Relief Sought by Plaintiff*: Monetary damages of $9.5 million at this time.

4. *Names of Parties not Served:* None

5. *Principal Legal Issues:* The fundamental factual/legal issues in this case are whether the officers violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution due to excessive force, whether either officer committed assault and/or battery against the plaintiff, whether the Village of Willow Springs is liable for any wrongful act or omission based on a theory of Respondeat Superior, whether the Village of Willow Springs is required to provide indemnification based on the actions of the officers, whether the officers are immune from suit based on qualified immunity, whether the officers are immune based on the Illinois Local Government and Governmental Employee Tort Immunity Act, Sections 745 ILCS 10/2-202 or 745 ILCS 10/2-109. Essentially, the primary issue is whether the alleged use of force was reasonable.

6. *Principal Factual Issues:* The Plaintiff contends that while he was leaving Judy's Friendly Tap he was struck in the head by the officers and knocked to the ground. While he lay unconscious the defendants continued to beat him about the head with their batons. They then unlawfully arrested him. As a result of the beatings the defendant suffered head and brain injuries.

    The defendants contend the plaintiff was intoxicated and belligerent when they responded to a call at Archer and Mound in Willow Springs. Plaintiff demanded the police officers give him a ride home because he was drunk, and he reacted aggressively when they refused. When plaintiff lunged at Officer Jelinek in an aggressive manner, Officer Jelinek put his arm out to fend plaintiff off. Plaintiff fell and struck his head on the sidewalk. The officers immediately called the Willow Springs Fire Department, which examined plaintiff and transported him to the hospital. The plaintiff was charged with Aggravated Assault, Disorderly Conduct and Public Intoxication, which charges are still pending. The defendants further contend plaintiff suffered earlier injuries that are relevant to the damages he is claiming in this case.

Thus, the factual issues are whose version of events is correct and whether the plaintiff's injuries were caused by the alleged occurrence.

7. *Key Authorities:* 42 U.S.C. 1983, Illinois Local Government and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-101, *et seq.*

8. *Motions Pending:* None

9. *Chart Listing Pending Motions:*   N/A

10. *Description of Discovery Requested and Exchanged:* Plaintiff has tendered medical records dated from the date of the subject occurrence, August 6, 2007, prior to the incident, (records dated August 2, 2007), and medical records subsequent to the incident.

11. *Dates set for Discovery and Extensions Previously Granted:* None

12. *Past Substantive Rulings:* None

13. *Trial Date:* None

14. *Probable Length of Trial:* 5 days

15. *Whether any Request for Jury Trial:* yes

16. *Consent to Magistrate:* The parties have not consented to a magistrate under 28 U.S.C. § 636.

17. *Settlement Status:* There have not been any settlement discussions.

Dated: July 18, 2008.

Respectfully submitted,

Plaintiff,                                                                                       Defendants,


By___/s/ Michael Ettinger_____                    By____/s/ Jason Callicoat_____
    Michael Ettinger                                                        One of Their Attorneys
    Cheryl Schroeder                                                       Paul A. Rettberg
    Ettinger, Besbekos & Schroeder                              Jason Callicoat
    12413 S. Harlem Ave.                                               Querrey & Harrow, Ltd.
    Palos Heights, Illinois 60463                                    175 West Jackson Blvd., Suite 1600
    (708)923-0368                                                              Chicago, Illinois  60604
                                                                                              (312) 540-7000


Document #: 1343535

3